In re Petition of RONALD LEE REECE.

No. 11056.

Decided December 28, 1965.

410 P.2d 707.

Ronald Lee Reece, pro se.

PER CURIAM:

Original proceeding.

Petition for writ of habeas corpus filed in this court by Ronald Lee Reece, an inmate of the Montana State Prison, appearing pro se.

Petitioner alleges that the action of District Judge E. E.

Fenton of the Thirteenth Judicial District, in appointing counsel to represent him in a criminal action after he had refused the appointment of counsel made him "forego his constitutional rights" and "suppressed petitioner's adherent vested rights." Examination of the exhibits annexed to his petition disclose that he was charged by information in count 1, of the crime of uttering and delivering a fraudulent check, in count 2, of grand larceny. Upon his first appearance before the district court he stated he would obtain his own counsel; on his second appearance he advised the court that he had employed counsel and upon advice of his paid counsel he desired to enter a plea of not guilty, and that he waived counsel insofar as arraignment was concerned.

Thereafter he filed a motion pro se to require the State to produce all pertinent data in his case; there was no objection and the motion was granted by the court. He then made a motion pro se to have witnesses on the two charges segregated, and to have separate trials. Then he filed a motion pro se to dismiss the charge of grand larceny.

This was the situation when petitioner was before the district court on August 5, 1965, at which time the State advised the court it desired a hearing on the motion to dismiss. We quote the proceedings that followed:

"THE COURT: Since it appears that these additional steps and proceedings will be taken in this matter, I think that in order that there may be no question as to the rights of the defendant being fully protected, that the Court should appoint counsel to assist you in any matters which you may wish to present and to represent you in this case. Accordingly, an order will be made appointing an attorney to represent you and that attorney will confer with you after which the hearing will be held upon your motions. It will be necessary, of course, for me to contact an attorney before this appointment is completed; that will be done as soon as possible.

"MR. BRADLEY [Deputy County Attorney]: Do you have anything else, Mr. Reece?

"MR. REECE: Your Honor, I feel that I am adequately qualified to handle my own representation, my own defense. I have given much thought to counsel, I do have funds to secure counsel, I do not desire counsel, I wish to act as my own counsel and I would like it entered in the record accordingly. I have a reason for acting as my own counsel, I feel that I know the aspects of the case better perhaps than an appointive counsel or a retained counsel could benefit me in this hearing in this cause.

"THE COURT: Nevertheless, the Court will appoint counsel."

Thereafter the court appointed Michael J. Whalen, Esq., as counsel for petitioner. On August 16, 1965, Mr. Whalen filed a motion to withdraw plea to information on the basis that the motion had been made prior to his appointment and it was his belief that one or more, if not all, of the motions would be considered untimely unless made prior to plea.

This motion came on for hearing on September 24, 1965, and was granted by the court. The time for entry of plea was set for October 8, 1965, the motion to dismiss to be heard at that time. The motion for separate trials was deemed moot and defendant granted leave to renew that motion after ruling on the motion to dismiss and after entry of plea in the event the motion to dismiss was denied.

On October 20, 1965, defendant and his counsel were again in court at which time motion was made to withdraw plea to the first count in the information, the motion was granted by the court, the defendant then entered a plea of guilty to the crime charged in count 1 and was sentenced to the minimum term, one year, in the state prison. The County Attorney moved to dismiss count 2 of the information and that motion was granted.

Two things are apparent from the recital of events. First, by

reason of all the motions being made pro se by the petitioner, the court felt that counsel should be made available in order to properly proceed in the court. While petitioner deemed himself to be well-experienced in criminal courts by reason of his past appearances before such courts, the district court in this instance was doing its best to assure that all constitutional rights of the defendant were protected and such action was commendable. Secondly, it appears that appointed counsel fully protected all rights of the defendant, and it ill behooves petitioner now to imply that the petitioner might have done better.

It is patently obvious that the defendant needed counsel, and to say now that this is a violation of due process is incongruous. In our view due process does not require that one charged with crime be permitted to personally handle his defense. Our courts would be in a turmoil if such practice were permitted.

No merit appearing, the writ is denied and the proceeding is dismissed.